UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
　　Plaintiff

v.　　　　　　　　　　　　　　　　　　　　　　**1:20-CR-46**
　　　　　　　　　　　　　　　　　　　　　　　Case Number

**ANDREW S. THOMPSON**
Defendant

## MEMORNADUM IN SUPPORT OF SENTENCING VARAIANCE

Andrew Thompson, through his counsel, hereby respectfully submits this Memorandum to assist this Honorable Court in the exercise of its discretion for sentencing purposes to ensure pursuant to 18 U.S.C. section 3553(a) factors that the sentence imposed is "sufficient but not greater than necessary." The Defendant respectfully requests that the Court grant a variance as the current guideline calculation is greater than necessary.

**The Court should consider the following factors contained in 18 U.S.C. § 3553(a) and grant Mr. Thompson a variance.**

Mr. Thompson respectfully requests that the Court consider the following factors which are contained in 18 U.S.C. section 3553(a)

### 1. History and characteristics of the defendant

The Defendant is 49 years of age but has no prior criminal convictions. He has had contact with the criminal justice system, but he was able to successfully complete a pretrial diversion program. Category I for prior convictions accounts for points given for prior criminal history but does not distinguish between a complete lack of prior criminal convictions and a prior criminal history that resulted in only 1 point.

Accordingly, there isn't enough recognition for a person who is standing before a court being convicted for the first time. As the Court found in *United States v. Chase*, "lack of criminal history, even though already taken into account in calculating his advisory guideline range, could nevertheless have formed the basis for a variance " *U.S. v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009).

Mr. Thompson has substantial medical problems suffering from Type 2 Diabetes, heart and circulatory system issues, three torn discs, one slipped disc, a compression fracture of the spine, stasis in his right and left legs from the knee down, cellulitis and sever chronic pain in his back and left leg. He is prone to seizures when his anxiety is not well controlled. Mr. Thompson has dealt with this pain for about 14 years. It is this pain and his mental health problems that have contributed to his struggles with controlled substances. He has been diagnosed with Generalized Anxiety Disorder, Major Depressive Disorder, singe episode, unspecified, and Panic Disorder.

Prior to being incarcerated, Mr. Thompson was receiving Supplemental Security Income. Since his incarceration, this income has been terminated. His father age 83 and his mother aged 76 are bearing the financial responsibility for Andrew's necessary medications. His parents are at an age where they should be enjoying their retirement, but the continue to work to assist with the expense of necessary medications and the other expense that goes with having a loved on incarcerated. The length of incarceration will have a substantial impact on Mr. Thompson's family as well as Mr. Thompson.

A portion of the relevant conduct which is used to support the enhancements is information gained as a result of the defendant being cooperative at the time of his arrest. He gave a statement to the police that included information that is being used to support a

total of 8 points of enhancement.  It would seem that being cooperative with law enforcement and admitting to additional behavior that law enforcement may not have been aware of should be rewarded not necessarily used to add to the defendant's sentence. The statements regarding guns that were purchased by Mr. Thompson being used in other crimes, there is no indication if those are some of the guns that were taken during the burglary that was reported by Mr. Thompson.  (Presentence Report page 4 paragraph 11). Mr. Thompson acknowledges the seriousness of his offense, but it was not his intention that the guns that were stolen would be put on the street.  As it is not clear the source of the guns associated with other crimes, Mr. Thompson asks that this not be considered by the court as an aggravator.

Mt. Thompson's substantial medical needs makes every day of incarceration a hardship on Mr. Thompson and his family.  While he has been incarcerated, his father has had to remain diligent to ensure that Mr. Thompson's needs are met including several conversations with the Corrections Center of Northwestern Ohio so that Mr. Thompson would be able to wear shoes that were proper for his condition.

**The need for the sentence imposed.**

The Defendant is respectfully requesting that the Court grant sentencing variance based on the above stated considerations.  By granting a variance, the Court can impose a sentence that would allow the Defendant to be serve a shorter executed sentence still being followed by a period of supervised release and such a sentence would still provide appropriate punishment, work to protect the public, promote respect for the law, afford deterrence and promote rehabilitation as set forth in 18 U.S.C. section 3553(a)(2).  The Court has the authority to consider factors not specifically set forth in 18 U.S.C. section

3553(a)(1). *Rita v. U.S.,* 127 S.Ct. 2456 (2007). "It is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 2465. The sentencing judge can consider that the Guidelines sentence is not appropriate "because the Guidelines sentence itself fails properly to reflect section 3553(a) considerations". *Id.* at 2465.

It is recognized "that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty. See *United States v. Knights,* 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled' " (quoting *Griffin v. Wisconsin,* 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987); internal quotation marks omitted)).  Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3. Most probationers are also subject to individual "special conditions" imposed by the court." *Gall v. United States*, 552 U.S. 38, 48, 128 S. Ct. 586, 595–96, 169 L. Ed. 2d 445 (2007).  Supervised release, like probation has these same restrictions.  One of the purposes of sentencing is to rehabilitate and that can be used as a justification for a below -guidelines sentence.  *See, e.g. Gall v. United States,* 552 U.S. 38, 43-44(2007); *United States v. Johnson,* 2007 WL 3357564,  (E.D. Wis. 2007).  To allow the defendant to serve a sentence that is a shorter executed sentence

followed by supervised release would enable him to re-establish his disability and would decrease the hardship for his family. Mr. Thompson will have to start over again upon his release. He will need the support of his family, who are at an advanced age. A shorter executed sentence followed by supervised release would also provide the structure and supervision that would allow for rehabilitation as well as properly reflect the nature and circumstances of the offense and the history and characteristics of the defendant as well as reflecting the seriousness of the offense, the promotion of respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a).

        S/ Marcia L. Linsky
        *Signature*
        Marcia L. Linsky (AID#8491-02)
        116 E. Berry St., Suite 625
        Fort Wayne, Indiana 46802
        260-408-6818
        marcia@closehitchcock.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Memorandum was served as listed below, on this date:

The undersigned hereby certifies that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/CM/ECF system which sent notification of such filing to the following:

Sarah Nokes, Esq., Sarah.Nokes@usdoj.gov.

        S/ Marcia L. Linsky
        *Signature*
        **Marcia L. Linsky**